IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUNDEEP KISHORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-330-T |
| ) | |
| F.B.I., OKC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

After being convicted in state district court, Mr. Sundeep Kishore appealed[1] and initiated the present action. The claims involve excessive federal participation in the investigation, withholding of exculpatory evidence, denial of consular notification, perjury, and fabrication of evidence.[2] In the original complaint, Mr. Kishore asked only for access to information concerning the state charges.[3] In an amended complaint, however, Mr. Kishore added a claim for compensatory damages.[4]

The Court should screen the complaint and amended complaint to determine:

---

[1] *See* Docket Sheet, *State v. Kishore*, Case No. CF-2003-1331 (Okla. Co. Dist. Ct.); *see also St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citations omitted)).

[2] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 3-4 (Mar. 29, 2006).

[3] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 5 (Mar. 29, 2006); Plaintiffs [sic] Response at p. 1 (May 31, 2006).

[4] Untitled Document at p. 3 (May 10, 2006) (asserting a claim "for injury and emotional distress"); Plaintiffs [sic] Response at p. 1 (May 31, 2006) (requesting "compensatory monetary damages").

- whether the causes of action for damages fail to state a claim on which relief can be granted,[5] and

- whether *Younger* abstention is appropriate on the prayer for document access.[6]

On screening, the Court should authorize service and order a response on the Plaintiff's claim for damages from denial of consular notification. But the Court should summarily dismiss the remaining claims without prejudice.

The Plaintiff's Requests for Damages on the Theories
Involving Federal Involvement in the Investigation,
Withholding of Evidence, Perjury, and Fabrication
of Evidence:   Failure to State a Valid Claim

The Court should *sua sponte* dismiss without prejudice Mr. Kishore's damage claims concerning federal involvement, nondisclosure of evidence, perjury, and fabrication of evidence.

I.   Federal Involvement in the Investigation

In Count One of the original complaint, Mr. Kishore refers to the "extensive involvement" by federal agents in the arrest, search, and interrogation.[7] According to Mr.

---

[5]   *See* Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) (2000).

[6]   *See Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996) (holding that the court had properly raised the issue of *Younger* abstention *sua sponte*).

[7]   Civil Rights Complaint Pursuant to 42 U.S.C. §1983 at p. 3 (Mar. 29, 2006).

Kishore, this participation violated unidentified provisions in the Federal Rules of Criminal Procedure.[8] But these rules did not govern because the proceedings took place in state court.[9]

II.     <u>Withholding of Exculpatory Evidence, Perjury, and Fabrication of Evidence</u>

Mr. Kishore also alleges that federal agents had:

- withheld exculpatory evidence,
- committed perjury, and
- fabricated evidence.[10]

For these claims, damages would be premature.

In *Heck v. Humphrey*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under Section 1983 if a judgment in his favor would necessarily imply the invalidity of his conviction.[11]

The allegations involving withholding of exculpatory evidence, perjury, and fabrication of evidence would necessarily imply the invalidity of Mr. Kishore's conviction.[12]

---

[8]     Civil Rights Complaint Pursuant to 42 U.S.C. §1983 at p. 3 (Mar. 29, 2006).

[9]     *See Berget v. Gibson*, 188 F.3d 518, 1999 WL 586986, Westlaw op. at 5 (10th Cir. Aug. 5, 1999) (unpublished op.) (holding that Rule 11 of the Federal Rules of Criminal Procedure does not apply in state court).

[10]    Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2-4 (Mar. 29, 2006).

[11]    *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[12]    *See Heck v. Humphrey*, 512 U.S. 477, 479, 490 (1994) (holding that a Section 1983 claim involving destruction of exculpatory evidence was premature because it involved a challenge to the legality of the conviction); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (*per curiam*) (holding that a claim involving false testimony at a probation revocation hearing was invalid under *Heck*); *Parris v. United States*, 45 F.3d 383, 384-85 (10th Cir. 1995) (holding that *Heck* foreclosed

As a result, the Defendants cannot incur liability for damages until Mr. Kishore obtains invalidation of the conviction in other proceedings.[13] Until then, a request for damages is premature and subject to dismissal for failure to state a valid claim.[14] But because the Plaintiff's theory could eventually ripen, the dismissal should be without prejudice.[15]

The Plaintiff's Request for Document Discovery: Abstention

The Court should abstain on Mr. Kishore's prayer for document production.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court concluded that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are ongoing, offer an adequate forum for the plaintiff's

---

a prisoner's claims under the Federal Tort Claims Act based on allegations that government witnesses had lied).

[13]   *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[14]   *See*, *e.g.*, *Archilta v. State of Oklahoma*, 123 Fed. Appx. 852, 857 (10th Cir. Jan. 24, 2005) (unpublished op.) ("Since Archilta's claims necessarily imply the invalidity of his convictions and he cannot demonstrate that his convictions have already been invalidated, the district court properly held that the claims must be dismissed . . . [under *Heck*] for failure to state a claim.").

[15]   *See Beck v. City of Muskogee Police Department*, 195 F.3d 553, 560 n.5 (10th Cir. 1999) (dismissals under *Heck* are without prejudice); *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice." (citations omitted)).

federal claims, and implicate important state interests.[16] An exception exists for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury.[17]

Mr. Kishore does not seek to enjoin the state proceedings.[18] Instead, he has simultaneously alleged constitutional violations in his direct appeal[19] and in the present action. *Younger* applies for two reasons:

- Disposition of the present claim would undoubtedly disrupt the proceedings in the state appellate court,[20] and

- the state appellate court could rule in favor of Mr. Kishore, rendering his federal complaint moot.[21]

---

[16]  *Younger v. Harris*, 401 U.S. at 43.

[17]  *See Younger v. Harris*, 401 U.S. at 46-55 (citation omitted).

[18]  *See supra* p. 1.

[19]  The Court should take judicial notice of Mr. Kishore's appeal brief. *See supra* p. 1 n.1 (discussing judicial notice of the state court proceedings). This brief is attached.

[20]  *See New Orleans Public Service, Inc. v. Council*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign."); *see also Joseph A. v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." (citations omitted)).

[21]  *See Weitzel v. Division of Occupational and Professional Licensing of the Department of Commerce of the State of Utah*, 240 F.3d 871, 876 (10th Cir. 2001) ("the *Younger* doctrine is particularly applicable in a case such as this where the pending state proceeding may rectify any constitutional violations" (citation omitted)).

The Plaintiff has not identified any facts which would trigger one of the *Younger* exceptions. For example, he has not alleged bad faith, harassment, flagrant or patent constitutional violations in the state court proceedings, or other extraordinary circumstances involving irreparable injury.[22] Accordingly, abstention is necessary and the Court should summarily dismiss without prejudice the prayer for access to documents.[23]

## Summary

The suggested rulings would include dismissal without prejudice of the Plaintiff's claims involving:

- an order for access to documents and

- an award of damages for federal involvement in the investigation, withholding of exculpatory evidence, perjury, and fabrication of evidence.

The sole claim remaining would involve damages for denial of consular notification.

---

[22] The Court ordered Mr. Kishore to show cause why the action should not be summarily dismissed on grounds of abstention. Order (Apr. 19, 2006). In response, the Plaintiff clarified that the action related to the Oklahoma County case, but he did not address the issue of abstention. Untitled Document, *passim* (May 10, 2006); Untitled Document, *passim* (May 16, 2006); Plaintiffs [sic] Response, *passim* (May 31, 2006).

[23] *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (remanding with instructions for the district court to dismiss an action without prejudice under *Younger*); *see also American Constitutional Law Foundation, Inc. v. Meyer*, 113 F.3d 1245, 1997 WL 282874, Westlaw op. at 4 (10th Cir. May 29, 1997) (unpublished op.) (*per curiam*) ("Abstention under *Younger v. Harris* . . . results in outright dismissal rather than postponement.").

Notice of Right to Object

Mr. Kishore has the right to object to this report and recommendation.[24]  Such objections must be filed with the Court Clerk for the United States District Court,[25] and the deadline is July 12, 2006.[26] The failure to timely object to this report and recommendation would waive the Plaintiff's right to appellate review of the suggested rulings.[27]

Docketing Instructions

The referral to the undersigned is not terminated.

Entered this 22nd day of June, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[24]   *See* 28 U.S.C. § 636(b)(1) (2000).

[25]   *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).

[26]   *See* W.D. Okla. LCvR 72.1(a).

[27]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).