IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUNDEEP KISHORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-330-T |
| ) | |
| F.B.I. OKC, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1). Judge Bacharach, upon initial screening under 28 U.S.C. § 1915A, recommends: (1) dismissal without prejudice of Plaintiff's claims for damages that necessarily imply the invalidity of his state court criminal convictions, *see Heck v. Humphrey*, 512 U.S. 477 (1994); and (2) dismissal without prejudice on abstention grounds of Plaintiff's claim for access to documents that allegedly demonstrate a denial of due process in his criminal case, *see Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a timely, written objection to the Report and Recommendation. Thus the Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff's objection primarily addresses the merits of his claims. It is silent on the issue of whether claims for damages are premature under *Heck*. Thus the Court finds Plaintiff has waived

further review of this issue.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

As to whether *Younger* abstention is appropriate, Plaintiff argues that his state criminal appeal has ended and that his appellate attorney did not raise all issues in that case.  (Pl.'s Resp. Report & Recom. at 7-8.)  A review of the court docket in the state case, which is available online through the Oklahoma State Courts Network (www.oscn.net), reveals that a summary opinion and mandate issued August 2, 2006, affirming Plaintiff's convictions and sentences but vacating the order of restitution and remanding for further proceedings.  This decision, however, did not end the state criminal matter.  More importantly, a review of Plaintiff's arguments and his original complaint reveal that he seeks documents to "prove the perjury committed by federal agents, and prove the destruction of exculpatory evidence, and [the agents'] willful desire to deny [his] due process rights."  (Compl. at 5.)  The Court can discern no jurisdictional basis for seeking access to criminal investigative documents apart from a claim for substantive relief.  Any claim that Plaintiff's state criminal convictions were obtained in violation of federal constitutional rights must be raised by application for federal habeas corpus relief under 28 U.S.C. § 2254 after Plaintiff has exhausted available state court remedies, including post-conviction proceedings.

For these reasons, the Court adopts the Report and Recommendation [Doc. 16] in its entirety. Plaintiff's claims seeking damages for alleged constitutional violations occurring in his state criminal prosecution and Plaintiff's claim seeking access to documents that allegedly prove the constitutional violations are DISMISSED WITHOUT PREJUDICE to refiling.  A claim seeking damages for an alleged denial of consular notification remains.

The case is again referred to Judge Bacharach under 28 U.S.C. § 636 for further proceedings consistent with this Order and the initial case referral.

IT IS SO ORDERED this___ day of August, 2006.